UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GREGORY WILLIAM FRYE,

        Plaintiff,

v.                                                              Case No: 6:21-cv-741-DCI

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## MEMORANDUM AND OPINION

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying an application for Supplemental Security Income (SSI) alleging a disability beginning March 14, 2019. Claimant amended the onset date to May 15, 2019—the date of his SSI application. On November 24, 2020, the ALJ issued an unfavorable decision. R. 22.

Having considered the parties' memorandum and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

### I.    Issues on Appeal

Claimant raises one issue on appeal: Whether the ALJ properly evaluated the medical opinions of record based on an adequate rationale and substantial evidence when determining the residual functional capacity (RFC). Doc. 27.

## II.    Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted).  "With respect to the Commissioner's legal conclusions, however, our review is *de novo.*"  *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017.  *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017).  Claimant filed the claim after March 27, 2017, so the revised regulations apply in this action.

The revised regulations require that an ALJ apply the same factors in the consideration of the opinions from all medical sources, rather than afford specific evidentiary weight to certain sources' opinions.  20 C.F.R. §§ 404.1520c(a); 416.920c(a).  The ALJ will assess the persuasiveness of a medical source's opinion in light of five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[1] 4) specialization and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding."  20 C.F.R. §§ 404.1520c(c); 416.920c(c).

---

[1] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship.  20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain the consideration of those two factors. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2).   In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis—the regulations themselves do not require the ALJ to explain the consideration of each opinion from the same source. 20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1).   The regulations state:

> [W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from the medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate.  We are not required to articulate how we considered each medical opinion or prior administrative finding from one medical source individually.

20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1).

Courts have found that "[o]ther than articulating his consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how he considered any other factor in determining persuasiveness." *Freyhagen v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citing *Mudge v. Saul*, 2019 WL 3412616, at *4 (E.D. Mo. July 29, 2019)).  "Overall, supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021).

## III.   Discussion

The ALJ found that Claimant has the following severe impairments:  degenerative joint disease, generalized anxiety disorder, posttraumatic stress disorder (PTSD), and drug and alcohol abuse.  R. 27.  The ALJ determined that Claimant has the RFC to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant can frequently reach, handle, finger, or feel. The claimant can perform simple, routine, and repetitive tasks. The claimant can occasionally interact with the public.

R. 29-30.

Claimant asserts that the RFC conflicts with his psychiatrist's opinion.  On January 31, 2019, Dr. Gates, his treating psychiatrist, executed a form entitled "Medical Opinion Re: Ability to Do Work-Related Activities (Mental)."  R. 386-388.  The form evaluates Claimant's abilities from October 8, 2015 and "continuing to the present."  R. 386.  Claimant points out that according to the form, Dr. Gates opined that he was at least "seriously limited"[2] in his ability to: (1) maintain attention for a two hour segment; (2) maintain regular attendance and be punctual within customary, usually strict tolerances; (3) sustain an ordinary routine without special supervision; (4) complete a normal workday and workweek without interruptions from "psychologically based symptoms;" (5) perform at a consistent pace without an unreasonable number and length of rest periods; (6) get along with coworkers or peers without "unduly distracting them or exhibiting behavioral extremes;" or (7) deal with normal work stress.  Doc. 27 at 19, citing R. 386.  Claimant also states that Dr. Gates opined that his ability to interact appropriately with the public and maintain socially appropriate behavior was "seriously limited."  *Id*. at 19-20, citing R. 387.

---

[2] Claimant states that Dr. Gates found him to be "at least" seriously limited because the other categories the physician selected on the form are more restrictive including "unable to meet competitive standards" and "no useful ability to function."  R. 386-387.

Claimant adds that in support of the opinion, Dr. Gates explained that Claimant had severe mood instability, he was unable to focus to complete tasks, his concentration was greatly impaired, and he would have difficulty working at a regular job because of his struggles with taking direction from others. *Id.* at 21-22, citing R. 387.

Further, Claimant relies on another "Medical Opinion" form Dr. Gates executed on September 15, 2020 that also indicates at least serious limitations in Claimant's "mental abilities and aptitudes needed to do unskilled work" for the period March 14, 2019 through the date of the opinion. R. 746-748.[3] Dr. Gates opined that Claimant had "very severe mood swings," would be absent more than four days per month, could not focus to stay on task, and could not maintain gainful employment. R. 747. Claimant states that Dr. Gates explained that the severe mood swings impair Claimant's concentration, and that Claimant cannot maintain attention on tasks. Doc. 27 at 22, citing R. 747. Dr. Gates noted on the form that Claimant was hospitalized the date the form was executed for dehydration, weight loss, and depression. R. 747.

The ALJ determined that Dr. Gates' opinions were unpersuasive. R. 32. The ALJ found the following with respect to the opinions:

> Todd Gates, D.O., offered two opinions, both of them indicating, that due to the claimant's mental impairments he would miss more than four days of work per month due to severe mood swings that affect his concentration and make it difficult for him to complete tasks or work in proximity to others (B1F; B18F). Dr. Gates stated that he supported his opinions with his treatment notes and his professional

---

[3] Specifically, for March 14, 2019 to September 15, 2020, Dr. Gates opined that Claimant was either "seriously limited," unable to meet "competitive standards," or had "no useful ability to function" in the following categories: (1) maintaining attention for a two hour segment; (2) maintaining regular attendance and being punctual within customary, usually strict tolerances; (3) working in coordination with or proximity to others without being unduly distracted; (4) completing a normal workday and workweek without interruptions from psychologically based symptoms; (5) performing at a consistent pace without an unreasonable number and length of rest periods; (6) getting along with co-workers or peers without unduly distracting them or exhibiting extreme behaviors; (7) dealing with normal work stress; and (8) being aware of normal hazards and taking appropriate precautions. R. 746.

experience (B1F; B18F). However, the undersigned finds these opinions to be unpersuasive, as they are not consistent with the longitudinal medical record including Dr. Gates' treatment notes. Particularly, while the claimant was noted on one occasion to have a severe concentration issues, the record routinely shows that the claimant has a normal attention span and concentration, is alert and oriented, and is routinely noted to be cooperative and pleasant, which does not support the extreme limitations opined (B3F/34, 43; B5F/38, 45; B6F/15; B14F/3; B17F/1).

R. 32.

Claimant argues that the evaluation of Dr. Gates' opinion was error because the ALJ: misrepresented the record; failed to adequately discuss the "supportability" of the opinions; did not clearly articulate the evidence which led to his treatment of the opinions; and failed to consider the length of Dr. Gates' treatment relationship, the frequency of the examinations, and the physician's board certification. Doc. 27 at 19-26. Based on the foregoing, Claimant requests that the Court remand the case for a supplemental hearing. *Id*. at 34.

The Court agrees with the Commissioner that Claimant is not entitled to relief. Before addressing the individual challenges to the ALJ's decision, the Court notes that while Claimant recognizes in the Joint Memorandum the applicability of the Social Security Administration's 2017 Regulations and discusses the need to consider the persuasiveness of a medical source opinion under the revised law, Claimant also mentions and cites the case law requiring the ALJ to state with particularity the weight given to a physician's opinion—a standard that predates the 2017 revisions. *Id*. at 20-21. To the extent these citations are an attempt to bring a claim for relief because the ALJ failed to state the weight of his treating physician's opinion, the mere reference to the law is inadequate and the argument is deemed waived. *See Whitten v. Soc. Sec. Admin., Comm'r*, 778 F. App'x 791, 793 (11th Cir. 2019) ("For an issue to be adequately raised in the opening brief, it must be plainly and prominently raised and must be supported by arguments and citations to the record and to relevant authority") (citing *Sapuppo v. Allstate Floridian Ins. Co.*,

739 F.3d 678, 681 (11th Cir. 2014)); *see also Access Now, Inc. v. Sw. Airlines*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").[4]

In any event, Claimant primarily argues under the 2017 revised regulations, and the Court will address those arguments.  Claimant contends that the ALJ misrepresents the record.  Doc. 27 at 22.  Namely, Claimant disagrees with the ALJ's determination that there is only one occasion of a "severe" concentration issue; attacks the ALJ's reliance on certain records that, based on Claimant's summation, did not focus on his mental health or included only a "minimal psych evaluation"; and makes statements regarding what was "unlikely" to have occurred at the appointments to undercut the ALJ's reliance on the records.  *Id*. at 22-23.

The Court finds that even though Claimant's own characterization of the record differs from the ALJ's, Claimant's dissatisfaction with the conditions that the ALJ deemed "severe" or with the ALJ's reliance on records that Claimant feels, and even guesses, did not include a satisfactory "psych exam," does not establish that the ALJ's finding was unsupported by substantial evidence.  The ALJ cited to and assessed the records relating to Claimant's mental health, and speculation as to what did or did not transpire at the visits does not warrant relief.  In fact, it seems that Claimant's argument, which frames the relied-upon record as "minimal," is an attempt to persuade the Court to reweigh the evidence, which the Court will not do.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]") (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

---

[4] The Court's conclusion is the same under Eleventh Circuit precedent and the Social Security Administration's 2017 revised regulations.  The ALJ's decision is supported by substantial evidence and Claimant's arguments do not justify relief. "

The Court also rejects Claimant's argument that the ALJ's evaluation of Dr. Gates' opinions was inadequate under the regulations.  Contrary to Claimant's contention, the Court agrees with the Commissioner that the ALJ properly considered the "supportability" of the physician's opinions when assessing the persuasiveness of that record.  As mentioned, the ALJ found that Dr. Gates' opinions were not consistent with the record, which "routinely" showed a normal attention span, concentration, alertness, and cooperation; findings that undermined the physician's conclusions regarding Claimant's severe mood swings affecting the ability to complete tasks and work within proximity to others.  R. 32.  While the ALJ mostly cited to the record from other medical sources in support of this finding, he explicitly stated that the inconsistency also relates to Dr. Gates' record and then cites to Dr. Gates' record.  R. 32, citing to R. 740.

Also, in considering the persuasiveness of Dr. Gates' opinion, the ALJ discussed Dr. Gates' treatment notes regarding Claimant's concentration and demeanor.  Specifically, the ALJ found that Claimant had a conservative treatment history consisting of medication management and regular therapy sessions.  R. 31, citing R. 742.  The ALJ stated that Claimant reported panic attacks, but providers, including Dr. Gates, did not observe a panic attack and related the Claimant's feelings of being overwhelmed to being worried about his children.  *Id*., citing R. 597, 680.  Citing to Dr. Gates' record, the ALJ found that the record generally showed improvement of symptoms with medications.  *Id*., citing R. 680.  Also, the ALJ found that Claimant's providers, including Dr. Gates, often describe him as cooperative and polite with normal mood, affect, and grooming—descriptions that do not support Claimant's allegations of anxiety and panic attacks.  *Id*.  The ALJ noted that while Claimant reported difficulties with task completion and concentration, the providers, including Dr. Gates, "routinely observed the claimant to be alert and oriented with intact recent and remote memory, attention span, concentration, and cognitive functions."  *Id*.

Based on the forgoing, the Court finds that the ALJ adequately evaluated this factor in the persuasiveness assessment.  The ALJ may not have used the word "supportability," but he discussed the record with respect to the inconsistency of the opinions within the physician's own records, and the Court finds that to be adequate.  *See Vachon v. Comm'r of Soc. Sec.*; 2022 WL 458604, at *14, n.5 (M.D. Fla. Feb. 15, 2022) (finding that to the extent the ALJ may have erred in failing to say "supportability," it was harmless error because the ALJ assessed the factor) (citing *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013)).

Likewise, the Court finds that the ALJ properly assessed "consistency" when determining the persuasiveness of Dr. Gates' opinions.  Again, the ALJ found that Dr. Gates' assessment was inconsistent with the "longitudinal record."  R. 32.  The ALJ cites to several records from other medical sources in the excerpt from the ALJ's decision included *supra*, and the ALJ's discussion earlier in the decision also refers to the other providers' records relating to Claimant's normal attention span, concentration, alertness, cooperation, and pleasantness.  R. 31, 32.   In sum, the Court finds that the ALJ's consideration of Dr. Gates' opinions comports with the requirements of the 2017 Social Security Regulations because the ALJ articulated the evidence affecting the "supportability" and "consistency" of the opinion.

Finally, the ALJ may—but is not required to—explain how he considered the remaining three factors (i.e., relationship with claimant, specialization, and "other factors").  20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2); *see also Freyhagen v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) ("The new regulations are not inconsistent with Eleventh Circuit precedent holding that 'the ALJ may reject any medical opinion if the evidence supports a contrary finding.'") (quoting *Wainwright v. Comm'r of Soc. Sec. Admin.*, 2007 WL 708971, at *2

(11th Cir. Mar. 9, 2007) (per curiam) and citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (same)).

    The Court concludes that substantial evidence supports the ALJ's decision in determining the RFC and a remand to reconsider the opinion is not appropriate.

### IV.    Conclusion

    For the stated reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**ORDERED** in Orlando, Florida on April 7, 2022.

                    DANIEL C. IRICK
                    UNITED STATES MAGISTRATE JUDGE